UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60212-CIV-COHN/Seltzer

PAUL BOWERS, on behalf of himself and
all others similarly situated,

   Plaintiff,

vs.

GULFSTREAM PARK RACING
ASSOCIATION, INC., a Florida corporation,

   Defendant.
_____/

**ORDER GRANTING IN PART MOTION TO PROCEED AS COLLECTIVE ACTION**
**ORDER DIRECTING EXPEDITED RESPONSE TO MOTION TO AMEND**

  **THIS CAUSE** is before the Court upon Plaintiff's Motion to Proceed as Collective

Action Against Defendant [DE 10], Defendant's Response in Opposition to Plaintiff's

Motion [DE 14], and Plaintiff's Reply in support of the Motion [DE 17].  The Court has

carefully considered the motion, response, and reply, as well as all associated exhibits,

and is otherwise fully advised in the premises.[1]

I.  BACKGROUND

  On January 31, 2011, Paul Bowers ("Plaintiff") filed a complaint asserting  a

single claim for failure to pay minimum wages under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216, for employees who were employed as poker-dealers for

Gulfstream Park Racing Association, Inc. ("Defendant").  Plaintiff alleges that he and

---

[1]  On May 18, 2011, Plaintiff filed a Motion for Leave to Amend Complaint to add
an element of damages for off-the-clock hours worked [DE 16].  Plaintiff reported in the
Motion that Defendant opposed the motion for leave to amend.  Motion for Leave to
Amend, ¶ 5.  The Court will expedite Defendant's response to that motion.

other similarly situated current and former employees were not paid their minimum

wages as tipped employees, because Defendant failed to properly pay Plaintiff by

allowing non-tipped employees to share in the tip proceeds, although Defendant

claimed a tip-credit for Plaintiff and other poker-dealers.  Complaint, ¶¶ 7-13.

On April 12, 2011, Plaintiff filed a motion to permit court supervised notice

advising similarly situated individuals of their opt-in rights pursuant to the FLSA.

Defendant opposes the motion for several reasons.  This motion became ripe on May

19, 2011.

## II. DISCUSSION

Plaintiff seeks an order of this court allowing notification of potential class

members under Section 216(b) of the FLSA.  It is settled in the Eleventh Circuit that a

district court has the authority under the FLSA to issue an order requiring notice to

similarly situated persons.  See Grayson v. K Mart Corporation, 79 F.3d 1086, 1097

(11th Cir. 1996); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th

Cir. 1991).  Before determining whether to exercise such power, however, Dybach

instructs the district court that it "should satisfy itself that there are other employees of

the department-employer who desire to 'opt-in' and who are 'similarly situated' with

respect to their job requirements and with regard to their pay provisions."  Id. at 1567-

1568.  If the district court concludes that there are such other employees, the court then

has the discretion to establish the specific procedures to be followed with respect to

such possible opting-in.  Id. at 1568.  In Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d

1208, 1219 (11th Cir. 2001), *cert. den*., 534 U.S. 1127 (2002), the Eleventh Circuit

reaffirmed the Grayson-Dybach standard, but also stated its preference for a "two-

tiered" approach of conditional class certification and a later defense motion for

decertification after discovery.  The Court stated that:

> The two-tiered approach to certification of § 216(b) opt-in classes
> described above appears to be an effective tool for district courts to use in
> managing these often complex cases, and we suggest that district courts
> in this circuit adopt it in future cases. Nothing in our circuit precedent,
> however, requires district courts to utilize this approach. The decision to
> create an opt-in class under § 216(b), like the decision on class
> certification under Rule 23, remains soundly within the discretion of the
> district court.

Hipp, 252 F.3d at1219.

In this case, Plaintiff seeks notification of the group of employees known as

"poker-dealers," for whom Defendant claimed a tip-credit, and who were required to

disburse a portion of tips to non-tipped employees of the Defendant.  Under the first

step of the Dybach test outlined above, though the record contains only two plaintiffs

who have formally opted-in to this lawsuit, the named Plaintiff Paul Bowers and opt-in

Plaintiff Charles Ashmore [DE 15], Plaintiff relies upon five additional affiants who state

that other poker-dealers "are willing to join this lawsuit."  Affidavit of Peter Crescenzo,

¶ 8 [DE 10-3], Affidavit of Sheldon Weinglass, ¶ 8 [DE 10-4], Affidavit of Robert

Grimsley, ¶ 8 [DE 10-5], Affidavit of Derek Reich, ¶ 8 [DE 10-6], and the Affidavit of a

supervisor of poker-dealers, Carlos Concepcion, ¶ 6 [DE 10-7].  Each avers that "I have

seen other dealers complaining about this tip pool who have stated they would be

interested in joining a lawsuit shall [sic] one be filed."  Id.

Defendant opposes notification for several reasons.  First, Defendant argues that

Plaintiff has failed to meet his burden that other individuals wish to opt in to this lawsuit.

Defendant contends that because Plaintiff and other poker-dealers make $32 per hour

already, they would not be concerned with the potential recovery of an extra $1 per hour if they opted in to this action.[2]  Second, Defendant contends that Plaintiff has failed to identify a specific individual who desires to opt in to this action.  Finally, Defendant argues that because it has already offered to settle this action with Plaintiff and the poker-dealer affiants for full FLSA damages and attorney's fees, the action is essentially moot.

Although the case law on this issue has never quantified the number of similarly situated employees that must be identified before a motion for notification may be granted, this Court concludes that Plaintiff has met his burden to show that other poker dealers who participated in the tip pool "desire to opt-in" to this action.  Dybach, 942 F.2d at 1567-68.  Although only Plaintiff and Charles Ashmore have formally opted in at this time, the four other poker-dealer affidavits provide additional support that other individuals desire to opt in.  Under the "fairly lenient" standard approved by Hipp, Plaintiff should be allowed to proceed with notice.  Hipp, 252 F.3d at 1218-19 (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

As to the second step of the test in Dybach, Plaintiff has shown that there are other poker-dealers who are similarly situated with respect to their job requirements and with regard to their pay provisions for purposes of allowing notification to potential class members under the FLSA.  Defendant has not challenged Plaintiff's assertions that company policy dictated that all poker-dealers were required to disburse a portion of tips to supervisors, cashiers and management.  Affidavit of Paul Bowers, ¶ 3 [DE 10-2];

---

[2]  Defendant asserts that Plaintiff and other poker-dealers were paid 90% of their tips, leaving only 10% to go into the tip pool.  In addition, the tips were paid out with each biweekly paycheck.

Affidavit of Peter Crescenzo, ¶ 3 [DE 10-3]; Affidavit of Sheldon Weinglass, ¶ 3 [DE 10-4]; Affidavit of Robert Grimsley, ¶ 3 [DE 10-5]; Affidavit of Derek Reich, ¶ 3 [DE 10-6].

Defendant also argues that various portions of Plaintiff's proposed Notice are misleading and/or inappropriate.  Defendant presented its own proposed Notice [DE 14-3].  In his reply, Plaintiff stated that in order to move the case forward, it would accept Defendant's Notice.  Plaintiff's Reply at p. 3 [DE 17].

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant shall file an expedited response to Plaintiff's Motion for Leave to Amend Complaint [DE 16] by May 31, 2011;

2. Plaintiffs' Motion to Proceed as Collective Action Against Defendant [DE 10] is hereby **GRANTED, in part**, in that Defendant's Proposed Notice and Consent forms shall be used in this case;

3. The Court therefore adopts the Proposed Notice and Consent forms attached to Defendant's Memorandum at docket entry 14-3;

4. Within 15 calendar days from today, Defendant shall disclose to Plaintiffs the names and last known mailing addresses of all present and former "tipped" poker dealers where a "tip-credit" was claimed, who were employed by Defendant or any subsidiary or parent of Defendant since January 31, 2008;

5. Plaintiffs shall insert a date-specific deadline in Section 6. of Defendant's proposed Notice that is 60 calendar days from the date of mailing of the Notices;

6. Plaintiffs shall provide Defendant with a copy of each opt-in consent form received by counsel, within 15 calendar days of counsel's receipt thereof;

7.    The parties shall submit an amended joint scheduling report by August 31, 2011,

with proposed amended pretrial deadlines, including a brief description of the

number of opt-in consent forms received by that time.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 23rd day of May, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

copies to counsel listed on CM/ECF

6